UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> RANDY P. COLEY, ) <br> ) Case No. 18-02154-JNC <br> ) Chapter 7 <br> Debtor. ) <br> ) | |
| RICHARD D. SPARKMAN, Chapter 7 Trustee, ) <br> ) <br> Plaintiff, ) Adversary Proceeding <br> ) No. 18-00113-5-JNC <br> ) <br> -against- ) <br> ) <br> ITS THUNDERTIME, LLC, a Delaware Limited ) <br> Liability Company; RANDY P. COLEY; ) <br> KIMBERLY COLEY, ) <br> ) <br> Defendant. ) | |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PRELIMINARY INJUNCTION**

Through counsel, Richard D. Sparkman, Chapter 7 Trustee ("Trustee") for the Bankruptcy Estate of Randy P. Coley, hereby submits the following memorandum of law in support of the motion to allow the Trustee to administer, on a provisional basis, the assets of Its Thundertime LLC, a Delaware Limited Liability Company ("ITT"), until such time as the Court determines the Trustee's declaratory judgment action that the assets of ITT constitute property of the bankruptcy estate of Randy P. Coley (the "Debtor") in the above-captioned Chapter 7 bankruptcy case.

## FACTS IN SUPPORT OF MOTION

Richard D. Sparkman is the duly appointed Chapter 7 trustee for the bankruptcy estate of Randy P. Coley. ITT is a Delaware Limited Liability Company that, prior to the Debtor's filing for bankruptcy, had its principal place of business in Wake County, North Carolina. Randy P. Coley is the Debtor in the above-captioned proceeding. Upon information and belief, Mr. Coley is a resident and domiciliary of Wake County, North Carolina. Prior to filing for bankruptcy, Mr. Coley asserted an ownership interest in ITT. Kimberly Coley is the Debtor's spouse. Upon information and belief, Mrs. Coley is a resident and domiciliary of Wake County, North Carolina. At various times prior to Mr. Coley filing for bankruptcy, Mrs. Coley asserted and denied having an ownership interest in ITT.

In January 2014, the United States District Court for the Western District of Virginia entered a judgment in favor of DIRECTV against the Debtor and his company, East Coast Cablevision, LLC ("ECC").[1] The court initially awarded DIRECTV $2,393,000.00. DIRECTV subsequently obtained an award of attorneys' fees and sanctions. According to the proofs of claim that DIRECTV has filed, DIRECTV's judgment against the Debtor, including post-judgment interest, exceeded $2.6 million as of the Petition Date.

The Debtor and ECC did not appeal the orders of final judgment as to DIRECTV's substantive claims or the award of attorneys' fees or sanctions.

In post-judgment proceedings before the district court, DIRECTV sought to "reverse

---

[1] In November, 2011, East Coast Cablevision filed for Chapter 11 bankruptcy in this Court. In re *East Coast Cablevision, LLC*, 11-08976-8-RDD (Bankr. E.D.N.C.). In January 2012, the Honorable Randy Doub transferred venue of the bankruptcy to the United States Bankruptcy Court for the Western District of Virginia. 12-50041. A plan was neither proposed nor confirmed in that bankruptcy and the bankruptcy was dismissed on June 13, 2012.

2

pierce" the corporate veil of and extend liability to several limited liability companies that the Debtor owned.

By Order dated July 18, 2016, the district court held certain entities affiliated with the Debtor to be alter egos of the Debtor including, without limitation, ITT

Mr. Coley appealed the district court's rulings on the post-judgment proceedings. Two of Mr. Coley's LLCs, ITT and South Raleigh Air LLC, also appealed, along with Mr. Coley's wife, Kimberli Coley. The Fourth Circuit Court of Appeals dismissed South Raleigh Air LLC from the appeal prior to rendering a decision in the case.

On March 28, 2018, the Fourth Circuit Court of Appeals issued an opinion that affirmed the district court's decision to reverse pierce the corporate veil of ITT.  The appellate court dismissed Mrs. Coley in conjunction with issuing its opinion on the merits.

On April 11, 2018, Mr. Coley and the other appellants filed a petition for rehearing *en banc*. On April 24, 2018, the Fourth Circuit Court of Appeals denied the petition for rehearing. The appellate court issued its mandate on July 16, 2018.

On April 30, 2018 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under chapter 11 of the Bankruptcy Code. In a filing supplementing his schedules on June 5, 2018 [Bankr. D.E. #42], the Debtor indicated that he "recognizes and concedes that all of the assets and liabilities of Its Thundertime, LLC, East Coast Sales, LLC, and South Raleigh Air, LLC are the assets and liabilities of the estate" (¶ 8).  On July 16, 2018, the Court appointed Richard D. Sparkman as the Chapter 11 trustee for the Debtor's bankruptcy estate. On August 16, 2018, the Court converted the matter to a Chapter 7 proceeding and appointed Mr. Sparkman as Chapter 7 Trustee.

The assets of ITT primarily consist of real estate located throughout North Carolina.

Almost all of ITT's real properties are rented. Among the real properties that ITT owns, ITT owns a residential property located at 4336 Island Drive, North Topsail Beach, Onslow County, North Carolina (the "Beach Residence").

The Beach Residence recently suffered severe damage from Hurricane Florence, including damage to multiple entries and water intrusion to multiple levels of the house. Although the Beach Residence has been secured, the property is in urgent need of further remediation in order to preserve its value. The trustee is the only party in interest prepared to conduct such remediation.

## LEGAL ARGUMENT

A party seeking a preliminary injunction must demonstrate that: 1) he is likely to succeed on the merits of its claim; 2) he is likely to suffer irreparable harm in the absence of preliminary relief; 3) the balance of equities tips in the moving party's favor; and 4) an injunction is in the public interest. *The Real Truth About Obama, Inc. v. Fed. Election Comm'n*, 575 F.3d. 342, 347 (4th Cir. 2009).  The Trustee's request for injunctive relief satisfies all four criteria.

The Trustee is likely to succeed on the merits of the declaratory judgment action in light of the prior positions taken by Debtor's counsel regarding whether the automatic stay should apply to protect ITT's assets, the Debtor's concession that the assets of ITT constitute assets of the bankruptcy estate, and the Court's rulings on related matters.

The Trustee is likely to suffer irreparable harm in the absence of relief.  If the Trustee is not empowered to administer the assets of ITT pending a final determination on the Declaratory Judgment action, the assets will diminish in value.

The balance of equities tips in favor of the Trustee in light of the fact that the Trustee is

4

the only party situated and incentivized to maintain ITT's assets.

An injunction is in the public interest in that an injunction will enable the Trustee to carry out his statutory duties and will maximize the value of the Debtor's bankruptcy estate.

## CONCLUSION

The Trustee respectfully requests that the Preliminary Injunction motion be granted.

This the 8th day of November, 2018.

/s/George F. Sanderson, III
George F. Sanderson, III
N.C. Bar No. 33054
ELLIS & WINTERS LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
george,sanderson@elliswinters.com
*Counsel for the Trustee for Limited Purposes*

CERTIFICATE OF SERVICE

I, George F. Sanderson III of ELLIS & WINTERS LLP hereby certify:

That I am, and all time hereinafter mentioned was, more than eighteen (18) years of age;

I hereby certify that on November 8, 2018, a true and correct copy of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction was served by e-mail and overnight, express mail to the following parties:

    J.M. Cook
    J.M. Cook, P.A.
    5886 Faringdon Place, Suite 100
    Raleigh, NC 27609
    919 675-2411
    J.M.Cook@jmcookesq.com
    *Attorney for the Debtor*

    Danny Bradford
    Bradford Law Offices
    455 Swiftside Drive, Suite 106
    Cary, NC 27518
    Dbradford@bradford-law.com
    *Attorney for Kimberli Coley*

I further certify that on November 8, 2018, a true and correct copy of the Memorandum of Law in Support of Plaintiff's Motion for Preliminary Injunction was served by overnight, express mail to the following parties:

    Its Thundertime LLC
    c/o Kimberli M. Coley, Registered Agent
    202 Brittany Place
    Cary, NC 27511

    Randy P. Coley
    202 Brittany Place
    Cary, NC 27511

    Kimberli M. Coley
    202 Brittany Place
    Cary, NC 27511

This the 8th day of November, 2018.

/s/George F. Sanderson, III
George F. Sanderson, III
N.C. Bar No. 33054
ELLIS & WINTERS LLP
4131 Parklake Avenue, Suite 400
Raleigh, NC 27612
Telephone: (919) 865-7000
Facsimile: (919) 865-7010
george,sanderson@elliswinters.com
*Counsel for the Trustee for Limited Purposes*